# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3496

———————

Douglas P. Sczygelski,                      *
                                            *
              Appellant,                     *
                                            *   Appeal from the United States
       v.                                   *   District Court for the
                                            *   District of North Dakota.
United States Customs and Border            *
Protection Agency,                          *   [UNPUBLISHED]
                                            *
              Appellee.                      *

———————

Submitted:  March 17, 2011
Filed:  July 1, 2011

———————

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

       The United States Customs and Border Protection agency (CBP) hired Douglas
P. Sczygelski as an Agricultural Specialist in 2006, through a paid internship program,
and his job duties included interacting with the public at a border crossing.  In 2008,
CBP terminated Sczygelski's internship after learning that he had been sending
hundreds of unsolicited letters to college students expressing negative opinions about
African-Americans. Sczygelski unsuccessfully sought administrative review.  He then
filed this lawsuit, claiming that CBP violated his First Amendment rights by
terminating him, and that his firing was illegal because CBP did not comply with its

own personnel policies. The district court[1] dismissed the non-constitutional claims for lack of subject matter jurisdiction, and granted CBP's motion for summary judgment on the First Amendment claim. Sczygelski appeals.

We conclude that the non-constitutional claims were properly dismissed, because the nature of Sczygelski's internship excluded him from the protections of Chapter 75 of the Civil Service Reform Act of 1978, see 5 U.S.C. §§ 7511-7513 (governing adverse personnel actions against federal employees), which in turn prevented him from obtaining judicial review of his termination, see United States v. Fausto, 484 U.S. 439, 447-50, 455 (1988); Graham v. Ashcroft, 358 F.3d 931, 933-35 (D.C. Cir. 2004).

We also conclude that summary judgment was proper on Sczygelski's First Amendment claim. Applying the balancing test articulated in Pickering v. Board of Education, 391 U.S. 563, 568 (1968), we agree with the district court that CBP's interests in maintaining the public's respect and trust, its reputation for enforcing the law without regard to race, and its operational efficiency outweigh Sczygelski's interest in publicly expressing his racial views. See Locurto v. Giuliani, 447 F.3d 159, 179 (2d Cir. 2006) (recognizing that when "Government employee's job quintessentially involves public contact, the Government may take into account the public's perception of that employee's expressive acts in determining whether those acts are disruptive to the Government's operations" and "may legitimately respond to a reasonable prediction of disruption"); Pappas v. Giuliani, 290 F.3d 143, 146-47 (2d Cir. 2002) (concluding that termination of police department employee for anonymously mailing racist and anti-Semitic flyers was constitutionally permissible because employee deliberately sought to publicize his views, which would tend to

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendations of the Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota.

-2-

promote perception that police department shared his views, undermining its ability to perform its mission); <u>Tindle v. Caudell</u>, 56 F.3d 966, 971 (8th Cir. 1995) ("Because police departments function as paramilitary organizations charged with maintaining public safety and order, they are given more latitude in their decisions regarding discipline and personnel regulations than an ordinary government employer."); <u>see also</u> <u>United States v. Nat'l Treasury Emps. Union</u>, 513 U.S. 454, 465-66 (1995) (applying <u>Pickering</u> to federal employees).

Accordingly, we affirm.

_____