**Douglas SCZYGELSKI, Appellant**

v.

**UNITED STATES CUSTOMS AND BORDER PROTECTION, Appellee.**

No. 14–5266.

United States Court of Appeals, District of Columbia Circuit.

Nov. 30, 2015.

Rehearing En Banc Denied Jan. 29, 2016.

Douglas Sczygelski, Bismarck, ND, pro se.

**2**

Rafique Omar Anderson, Esq., United States Capitol Police Board Office of the Employment Counsel, Washington, DC, Alan Burch, R. Craig Lawrence, Peter Rolf Maier, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before: GARLAND, Chief Judge, and EDWARDS and SENTELLE, Senior Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was presented to the court on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Douglas Sczygelski appeals the district court's decision concluding that a previous adjudication in federal court bars his claims against the U.S. Customs and Border Patrol Agency and dismissing his case with prejudice. *See Sczygelski v. U.S. Customs & Border Patrol Agency,* 48 F.Supp.3d 80 (D.D.C.2014). In his complaint, Sczygelski contends that the Agency refused to hire him for a position in its New York office for the same allegedly unconstitutional reasons for which the Agency fired him from a position in its North Dakota office approximately two and a half years earlier. Sczygelski previously challenged his termination in a suit filed in North Dakota and lost. *See Sczygelski v. U.S. Customs & Border Patrol Agency,* Civ. No. 08–75, 2009 WL 2982871 (D.N.D. Sept. 15, 2010), *aff'd,* 419 Fed. Appx. 680 (8th Cir.2011). As a result of this prior action, Sczygelski is now barred by res judicata and collateral estoppel from again arguing that the reasons the Agency fired him in North Dakota were unconstitutional. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Because he alleges that the Agency refused to hire him in New York for those same reasons, and because he points to no material difference between his termination and the Agency's refusal to hire him, he asserts no justiciable claim that the refusal to hire was not already adjudicated. *Cf. Kaufman v. Perez,* 745 F.3d 521, 529–30 (D.C.Cir.2014) (employee who had previously been reassigned for what he alleged were retaliatory reasons has stated no new adverse employment action when his application for return to his prior position was denied for what he alleged were the same retaliatory reasons). Therefore, we affirm the judgment of the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.